**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re:<br><br>The Treatment Center of the Palm Beaches, LLC<br><br><br>Debtor. | Case No. 18-14622-EPK<br>Chapter 11<br><br>Hearing Date: Wednesday, May 30, 2018<br>at 1:30 p.m. |

**OBJECTION TO DEBTOR'S EXPEDITED APPLICATION, PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE, FOR AUTHORITY TO EMPLOY AND RETAIN GLASSRATNER ADVISORY & CAPITAL GROUP, LLC, AS RESTRUCTURING ADVISORS TO THE CREDITORS, AND TO PROVIDE A CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* TO MAY 24, 2018**

This Objection is filed by JPMorgan Chase Bank, N.A. ("**Chase**"), as secured creditor and party-in-interest in the above-captioned Chapter 11 bankruptcy proceeding of The Treatment Center of the Palm Beaches, LLC ("**Debtor**"), in response to Debtor's Expedited Application, Pursuant to Section 363(b) of the Bankruptcy Code, For Authority to Employ and Retain GlassRatner Advisory & Capital Group, LLC, as Restructuring Advisors to the Creditors, and to Provide a Chief Restructuring Officer *Nunc Pro Tunc* to May 24, 2018 [Docket No. 56] (the "**CRO Application**"). The Court has set an emergency, non-evidentiary hearing to consider the CRO Application for Wednesday May 30, 2018 at 1:30 p.m. In support of this Objection, Chase states the following:

**I.    INTRODUCTION**

1.    Chase is the holder of the two loans it made to Debtor. The first loan is a term real estate loan (the "**Real Estate Loan**") secured by Debtor's treatment facility located at 4905 Lantana Road, Lake Worth, Florida 33463 (the "**Real Property**"). As of the date of the Petition, the outstanding principal balance of the Real Estate Loan was $2,482,985, with accrued interest in the amount of $27,028.00. The monthly principal and interest payment due under the Real Estate Loan is $54,116.47. No payments have been made since January 12, 2018.

2.     The second loan is line of credit (the "**Business Loan**") secured by all business assets of the Debtor (the "**Business Assets**"). As of the date of the Petition, the outstanding principal balance of the Business Loan was $643,875.80, with accrued interest in the amount of $18,417.40. The Business Loan matured on October 17, 2017, and no payments have been made to Chase since that time.

3.     The Real Property and Business Assets also serve as collateral for a third loan (the "**Related Loan**") that Chase made to The Adolescent Treatment Center, an entity related to Debtor. Debtor is a guarantor of the Related Loan. The Adolescent Treatment Center closed its business last year and stopped making payments on the Related Loan. Chase has received no payments on this debt since January 1, 2018. As of the date of the Petition, the outstanding principal balance of the Related Loan was $314,701.60, with accrued interest in the amount of $4,248.47.

4.     Thus, as of the Petition Date, Debtor owes Chase $3,490,255.37 on the three loans, all of which are secured by the Real Property and Business Assets. Per the April 18 Appraisal Chase obtained of the Real Property (the "**Appraisal**"), the Real Property has an appraised value of $6.49 million, plus $1.2 million in excess land not needed for, or used by, Debtor's operations. (Chase has provided the Appraisal to Debtor.)

5.     Debtor's equity interest holders (and now apparently lenders), Kathleen D. Chernak, individually, Kathleen D. Chernak and Alan P. Kenney, as Co-Trustees of the Michael H. Chernak Marital Trust u/a/t March 28, 2006, Kathleen D. Chernak and Alan P. Kenney, as Co-Trustees of the Michael H. Chernak Family Trust u/a/t March 28, 2006 ("**Guarantors**"), have guaranteed all of the obligations of Debtor to Chase under the Real Estate Loan and the Business Loan.

## II.    OBJECTION TO CRO APPLICATION

6.     Debtor's business acumen is suspect and its projections unreliable. A CRO will not be able to reorganize Debtor's business or position it for sale as a treatment facility, as the relevant market already is overserved. Moreover, the expense of trying to maintain Debtor as a treatment facility will eat into Chase's equity cushion to the detriment of Chase immediately and ultimately

Debtor's unsecured creditors. Instead of wasting money to reorganize, Debtor should immediately relocate its patients, eliminate almost all operating costs and position the Real Property for sale-- almost certainly as something other than a treatment facility.

### III.    DEBTOR'S FINANCIAL PROJECTIONS ARE SUSPECT

7.    On May 18, 2018, Debtor filed an Emergency Motion for an Order Authorizing Post-Petition Financing [Docket No. 45], seeking an order retroactively authorize a $253,000 loan by the Guarantors to Debtor on May 18, 2018, and have that loan be deemed an administrative expense. The Motion also requests additional funding from the Guarantors of approximately $600,000 to cover future payroll expenses.

8.    Judging from prior budgets, many expenses were unanticipated in whole or in substantial part. For example, compare the expenses shown on the April 19, 2018, budget attached to the initial cash collateral motion (Doc. No. 4), the budget filed on May 8 just before the continued cash collateral hearing (Doc No. 32-1), and the May 23 budget (Doc. No. 49-1). While census and gross revenue somehow remain unchanged, numerous other June and July expenses have changed materially from the April to May projections.

| **Description** | **Line** | **4/19** | **5/8** | **5/23** |
|---|---|---|---|---|
| Salaries[1] | 5000 | 912,500 | 912,500 | 1,114,875 |
| Workers Comp[1] | 5055 | 0 | 0 | 26,000 |
| Billing Collection Fees[1] | 7085 | 69,233 | 69,233 | 109,233 |
| Computer Service - Corrections[1] | 7093 | 40,000 | 40,000 | 190,000 |
| CRO[1] | N/A | 0 | 0 | 90,000[2] |
| Internet[1] | 7705 | 4,000 | 4,000 | 20,000 |
| Yellow Pages[1] | 7715 | 0 | 0 | 4,600 |
| Chase Interest[1] | N/A | 0 | 14,800 | 20,990 |
| Chase Principal[1] | N/A | 0 | 93,200 | 0 |

---

[1] Expenses are for both months.

[2] Excludes $40,000 deposit required under the parties' proposed Agreement.

3

9. The $253,000 loan was made to cover payroll expenses and an insurance payment despite the submission of multiple budgets to Chase's counsel prior to this date that reflected no shortage of funds in May to cover payroll or insurance.

10. Also concerning is that all of Debtor's budgets have based Debtor's income on a census ranging from 31 to 40 patients. The CRO Application states that Debtor has close to 40 patients. CRO Application, p. 2.

11. This is in stark contrast to the Appraisal, which reflects only 11 occupied beds as of March 16, 2018, down from an average of 125 occupied beds in 2016.

12. According to the Appraisal, there are 124 substance abuse facilities located in a 5 mile radius of Debtor's treatment facility in Fort Worth, Florida. However, the Appraisal indicates that a recent significant change in the law (Florida Patient Brokering Act) has restricted marketing to out-of-state clients, which in turn has negatively impacted the demand for treatment facilities in Florida.

13. The Appraisal also notes that the 2017 real estate taxes were unpaid in the amount of $118,489.85. The new budgets do not make any provision for payment of post-petition real estate taxes.[3]

14. In addition, the CRO Application makes no mention of what will happen to Debtor's current manager Judy Gargiulo, who is an Arizona attorney managing the Florida substance abuse facility from afar. Debtor does not appear to be proposing to replace Ms. Gargiulo with Mr. Thatcher. Instead, it appears the opposite is true. Debtor indicates it wants the Mr. Thatcher to work with Debtor's owners and managers. CRO Application, p. 5. Debtor cannot afford one manager, based on its current predicament, let alone two.

15. Finally, the Appraisal also notes that Debtor's license to operate expired on February 1, 2018, and, at least at the time of the Appraisal, evidence of renewal was not provided.

---

[3] Debtor's equity interest and now lender, Kathleen D. Chernak, received $453,168 in compensation in 2017, despite the Business Loan and the 2017 taxes going unpaid.

## IV.     CONCLUSION

Based on the foregoing, Chase respectfully requests that the Court deny the Debtor's CRO Application.

/s/ *Philip V. Martino*
Philip V. Martino
philip.martino@quarles.com
Florida Bar No. 079189
Lauren G. Raines
lauren.raines@quarles.com
Florida Bar No. 11896
Quarles & Brady LLP
101 East Kennedy Boulevard,
Suite 3400
Tampa, Florida 33602-5187
Telephone: 813-387-0263
Facsimile: 813-387-1800
*Attorneys for JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of May 2018, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which served copies on the CM/ECF participants.

/s/ *Philip V. Martino*
Philip V. Martino