**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

THE TREATMENT CENTER OF　　　　　　　Case No. 18-14622-EPK
THE PALM BEACHES, LLC,　　　　　　　　Chapter 11

　　　　Debtor.
_____/

**MOTION BY LANDLORD SHOPPES OF ATLANTIS, LLC,**
**FOR ORDER COMPELLING DEBTOR'S COMPLIANCE**
**WITH POST-PETITION OBLIGATIONS UNDER SHOPPING CENTER LEASE**

　　　Creditor Shoppes of Atlantis, LLC (the "Landlord") files this motion pursuant to 11 U.S.C. § 365(d)(3) for an order compelling Debtor The Treatment Center of the Palm Beaches, LLC (the "Debtor") to comply with its post-petition obligations under its lease of nonresidential real property, and in support states as follows:

　　　1.　　On April 19, 2018, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. No committee has been appointed.

　　　2.　　The Landlord is the lessor and the Debtor is the lessee under a lease, as amended (the "Lease") of certain commercial real property described therein (the "Premises") located within the Shoppes of Atlantis shopping center. Copies of such lease documents are attached as exhibits to the Declaration of Barbara Allen (the "Declaration"), attached hereto as <u>Exhibit A</u>.

　　　3.　　Relevant provisions of the Lease include the following: (a) that monthly rent and sales tax are due in advance on the first day of each month (Sections 3.01 and 17.21); (b) that the tenant is obligated to pay its pro rata share of various taxes, insurance, and operating expenses

1

(Article XVI); and (c) that the Landlord is entitled to recover its legal fees and expenses in enforcing the Lease (Section 10.02(D)).

4.  As of June 5, 2018, the bankruptcy estate was indebted to the Landlord in the amount of at least $76,064.44, of which at least $59,595.64 relates to post-petition obligations. *See* Declaration, ¶ 5 & Exhibit 5. This is in addition to other amounts currently owed, such as legal fees and expenses. Additional amounts continue to accrue.

5.  Under the Bankruptcy Code, a Chapter 11 debtor-in-possession or trustee is required to timely perform its obligations under a non-residential lease of real property; such obligations are entitled to payment as administrative expense priority claims. *See* 11 U.S.C. § 365(d)(3) ("The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."); 11 U.S.C. § 1107(a) (affording debtor-in-possession rights and obligations of trustee).

6.  The amounts owed by the Debtor for administrative rent include stub rent for the post-petition portion of April 2018, rent for May 2018, and rent for June 2018, other post-petition obligations such as CAM charges, sales tax, and legal fees and expenses. *See, e.g., In re The Deli Den, LLC*, 09-32072-JKO, 2009 WL 4071902, at *1 (Bankr. S.D. Fla. 2009) (requiring commercial tenant debtor to pay post-petition stub rent and other amounts as administrative expense priority claim); *In re Beltway Med., Inc.*, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) (holding that commercial landlord was entitled to administrative expense priority claim for post-petition legal fees); *In re Homeowner's Outlet Mall Exch., Inc.,* 89 B.R. 965, 970 (Bankr. S.D. Fla.

1988) (granting administrative rent claim that included rent, sales tax, real estate tax, utilities, insurance, and interest).

7. The Landlord anticipates that the Debtor might possibly try to argue that its administrative rent liability should be reduced under 11 U.S.C. Section 503(b)(1) because the Debtor might not have used some portions of the Premises post-petition. Any such argument fails under the plain language of 11 U.S.C. Section 365(d)(3), which specifically requires that post-petition administrative rent be paid in connection with non-residential leases "notwithstanding section 503(b)(1)." *See In re Mandel*, 319 B.R. 743, 746 (Bankr. S.D. Fla. 2005); *In re CHS Elecs., Inc.,* 265 B.R. 339, 341 (Bankr. S.D. Fla. 2001); *In re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897, 900 (Bankr. M.D. Fla. 1997).

8. This Court can and should compel the bankruptcy estate immediately to bring current its post-petition obligations under the Lease, and timely to perform future obligations.

WHEREFORE, Creditor Shoppes of Atlantis, LLC respectfully requests that the Court:

A. Allow and compel immediate payment of an administrative expense priority claim in favor of the Landlord in the amount of at least $59,595.64, without prejudice to other claims;

B. Compel the bankruptcy estate timely to perform future and other obligations under the Lease; and

C. Grant such other and further relief as might be deemed just, proper, and equitable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing on June 11, 2018, upon the following:

The Office of the United States Trustee (USTPRegion21.MM.ECF@usdoj.gov)

Robert C. Furr, Esq., rfurr@furrcohen.com, Alvin S. Goldstein, Esq., agoldstein@furrcohen.com on behalf of Debtor

Nancy E. Guffy, troth@feamanlaw.com on behalf of Creditor Todd R. Branstetter

David H. Haft, Esq., dhaft@tobinreyes.com on behalf of Creditor BroadbandOne, LLC d/b/a Host.net

Joaquin J. Alemany, Esq., joaquin.alemany@hklaw.com on behalf of Creditor, CIT Bank NA

Arthur C. Neiwirth, Esq., aneiwithcourt@qpwblaw.com on behalf of Creditor, Computers for Business, Inc.

Philip V. Martino, Esq., Philip.martino@quarles.com, Lauren G. Raines, Esq., lauren.raines@quarles.com on behalf of Creditor, JPMorgan Chase Bank N.A.

Eric J. Rayman, Esq., erayman@gjb-law.com, on behalf of Creditor, MedPro Billing, Inc.

Orfelia M. Mayor, omayor@ombankruptcy.com on behalf of Creditor, Palm Beach County Tax Collector

Edward J. Peterson, III, Esq., epeterson.ecf@srbp.com, on behalf of Creditor, William Russell

Andrew M. Schwartz, Esq., ams@amslegalteam.com, on behalf of Creditor, Sternhell Holdings, LLC

Tarek K. Kiem, Esq., tarek@kiemlaw.com, on behalf of Creditor, Adam Bianchini

Ashley J. Dillman Bruce, Esq., adbruce@bergersingerman.com, Paul Steven Singerman, Esq., singerman@bergersingerman.com, on behalf of Creditors, Kathleen D. Chernak and Alan P. Kenney

Eric Goldstein, Esq., egoldstein@goodwin.com, on behalf of Creditor, United Behavioral Health

/s/ David Neal Stern
David Neal Stern, Esq.
Florida Bar No.: 040398
FRANK, WEINBERG & BLACK, P.L.
*Attorneys for Shoppes of Atlantis, LLC*
1875 NW Corporate Boulevard, Suite 100
Boca Raton, Florida 33431
Telephone: (561) 989-0700
Facsimile: (954) 474-9850
E-mail: dnstern@fwblaw.net
Secondary: rbyrnes@fwblaw.net